IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TOD SETTLE,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EXAMINATION MANAGEMENT SERVICES, INC.,**<br><br>*Defendant.* | **Case No: 5:15-cv-171** |

### COMPLAINT AND REQUEST FOR JURY TRIAL

Now comes the Plaintiff, Tod Settle ("Settle" or "Plaintiff"), complaining of the Defendant, Examination Management Services, Inc. ("EMSI" or "Defendant"), and alleges the following to be true:

## INTRODUCTION

**1**  This action stems from EMSI terminating Settle over his taking leave to attend a mandatory probate hearing, as well as EMSI paying Settle less than his agreed-upon wages in violation of the North Carolina Wage and Hour Act and/or the Fair Labor Standards Act.

**2**  Each paragraph in this pleading incorporates all others, and all attachments and exhibits are incorporated as if fully set forth herein.

## PARTIES, JURISDICTION, AND VENUE

**3**  Settle is a citizen and resident of Wake County, North Carolina, is neither an infant nor incompetent, and is not in the active military service of the United States.

**4**  EMSI is a foreign corporation, organized under the laws of the State of Nevada, and is engaged in substantial activity in North Carolina.

**5**  This Court has subject-matter jurisdiction over this action under any/all of the following:

    **5.1**  28 U.S.C. § 1331, as the action arises out of the Fair Labor Standards Act, codified as 29 U.S.C. § 201, *et seq.*; and

    **5.2**  With regard to Settle's state law claims, 28 U.S.C. § 1367(a), as the state law claims form part of the same case or controversy as those giving rise to original jurisdiction.

**6**  This Court has personal jurisdiction over all parties to this matter under any/all of the following:

    **6.1**  Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    **6.2**  N.C. Gen. Stat. § 1-75.4(1), as EMSI is engaged in substantial activity in this State; and/or

    **6.3**  N.C. Gen. Stat. § 1-75.4(3), as EMSI's actions within this State caused injury to Settle.

**7**  Venue is proper in this Court under any/all of the following:

    **7.1**    28 U.S.C. § 1391(b)(1), as EMSI is a resident of the Eastern District of North Carolina for purposes of venue; and/or

    **7.2**    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of North Carolina.

## FACTS

**8**    Settle worked for EMSI as a Field Investigator from January 2014 through December 30, 2014.

**9**    Settle performed surveillance and investigative work for EMSI at locations assigned to him by EMSI.

**10**    Settle's surveillance investigative work included projects large and small, including scene investigation for slip and fall claims, and "alive and well checks," wherein he made sure a person receiving benefits was still alive to receive them.

**11**    Settle and other Field Investigators worked from home and received investigation assignments from EMSI.

**12**    Upon receiving an assignment from EMSI, a Field Investigator drives to the assignment location—which could be several hours away—completes the assignment, and returns home.

**13**    Settle adequately performed his job to his employer's reasonable expectations.

**14**    Settle's agreed-upon compensation was twenty-two dollars ($22.00) per billable hour, paid bi-weekly, with work-related travel compensated at the same rate.

15	During pay periods where the assignments given to Settle by EMSI contained significant travel time, EMSI routinely reduced Settle's pay rate to less than $22.00 per billable hour without Settle's consent.

16	Because of this pay practice, Settle occasionally asked EMSI to give assignments to other investigators when they involved excessive travel and he believed such travel would cause EMSI to reduce his wages in violation of his agreement with EMSI.

17	On December 13, 2014, Settle's father passed away in Texas. Settle flew to Texas on December 15, 2014 to attend his funeral and resolve outstanding affairs.

18	On December 19, 2014, Settle returned from Texas and immediately took a previously scheduled vacation.

19	On December 29, 2014, Settle informed EMSI that he had a mandatory court date in Texas as the executor of his father's estate on January 8 or 15, 2015[1].

20	This court date in Texas was mandatory, not discretionary; Settle was legally required to appear or reasonably believed that he was legally required to appear.

21	On December 30, 2015, EMSI terminated Settle, saying that it would be a policy violation to allow him to take time off for the January 15, 2015 court date.

22	Settle has suffered pecuniary injury and emotional distress because of EMSI's unlawful termination of his employment.

---

[1] The hearing took place on January 15, 2015.

## FIRST CAUSE OF ACTION
### Violations of the North Carolina Wage and Hour Act
*N.C. Gen. Stat. § 95-25.1* et seq.

23     Settle's agreed-upon wage was $22.00 per hour of billable time.

24     EMSI regularly reduced the amount that it paid Settle to less than his agreed-upon wage without approval from Settle.

25     EMSI violated the North Carolina Wage and Hour Act in bad faith and had no good faith reason to believe that this reduction was in compliance with the North Carolina Wage and Hour Act.

## SECOND CAUSE OF ACTION
### Violations of the Fair Labor Standards Act
*29 U.S.C. § 201* et seq.

26     Settle's agreed-upon wage was $22.00 per hour of billable time.

27     EMSI regularly reduced the amount that it paid Settle to less than his agreed-upon wage without approval from Settle.

28     EMSI willfully violated the Fair Labor Standards Act and had no good faith reason to believe that this reduction was in compliance with the Fair Labor Standards Act.

## THIRD CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

29     Settle had a legal obligation to appear at the January 15, 2015 hearing in Texas.

30     It is against the public policy of North Carolina to terminate an employee for complying with a legal obligation.

31     Settle's legal obligation to appear at the January 15, 2015 hearing was a substantial or motivating factor in EMSI's decision to terminate his employment.

## PRAYER FOR PUNITIVE DAMAGES

**32**     As to Settle's claim of Wrongful Termination in Violation of Public Policy, Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

**32.1**     Fraud;

**32.2**     Malice; and/or

**32.3**     Willful and wanton conduct.

**33**     Officers, directors, and/or managers of EMSI participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## JURY REQUEST

**34**     Settle requests a trial by jury on all issues so triable.

WHEREFORE, Settle respectfully requests that this Court:

**1**     Enter judgment for Settle and against EMSI on all causes of action contained herein;

**2**     Award Settle damages, including punitive and liquidated damages, in an amount to be proved at trial;

**3**     Award unpaid wages, plus interest, as allowed by law;

**4**     Tax the costs of this action against EMSI and award Settle reasonable attorney fees as permitted by law, and;

**5**     Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 21st day of April, 2015.*

/s/ CRAIG HENSEL
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2015. I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will effect service upon all parties to this action by United States Mail, Certified, Return Receipt Requested to:

> Examination Management Services, Inc.
> c/o CT Corporation System
> 150 Fayetteville St., Box 1011
> Raleigh, NC 27601-2957
> *Registered agent for Defendant*

> **/s/ CRAIG HENSEL**
> *Attorney for Plaintiff*
> NC State Bar No. 40852
> HENSEL LAW, PLLC
> Post Office Box 39270
> Greensboro, North Carolina 27438
> Phone: (336) 218-6466
> Fax: (336) 218-6467
> craig.hensel@hensellaw.com