IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-171-FL

| | | |
|---|---|---|
| TOD SETTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EXAMINATION MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. (DE 7). Plaintiff responded and defendant replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff filed this action on April 21, 2015. (DE 1). Plaintiff asserts three claims in total, with his first cause of action arising under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 et seq.; his second arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; and his third claim arising under North Carolina public policy. Plaintiff contends defendant paid him less than his agreed upon wage when plaintiff was undertaking business on behalf of defendant that required traveling, and further alleges that defendant fired plaintiff for asking for time off to fulfill a legal obligation. Plaintiff seeks unpaid wages, compensatory and punitive damages in an amount to be determined at trial, and attorney's fees from

defendant.  On May 20, 2015, defendant moved to dismiss plaintiff's second and third causes of action for failure to state a claim upon which relief can be granted.

## STATEMENT OF THE FACTS

Plaintiff worked for defendant as a "Field Investigator" from January 2014 until he was terminated on December 30, 2014.  Plaintiff's role as "Field Investigator" allowed plaintiff to work from home, but upon receiving an assignment from defendant, plaintiff was required to drive to the assignment location to perform surveillance and investigative work.  Many work assignments included significant travel time to and from the assignment location.  Plaintiff contends his agreed upon compensation was $22.00 per billable hour, paid bi-weekly, with work-related travel compensated at the same rate.  During pay periods where assignments given to plaintiff contained significant travel time, however, defendant routinely reduced plaintiff's pay rate to less than the agreed upon amount.

On December 13, 2014, plaintiff's father passed away in Texas, and plaintiff took time off from December 15, 2014 through December 19, 2014, to attend the funeral and manage his father's affairs.  On December 19, 2014, plaintiff returned from Texas and immediately took a previously scheduled vacation.  On December 29, 2014, plaintiff informed defendant that, as executor of his father's estate, he was required to appear in court in Texas on January 15, 2015.  On December 30, 2014, defendant terminated plaintiff, informing him that it would be a violation of company policy to allow him to take time off for the January 15, 2015, court date.  Plaintiff then initiated this action on April 13, 2015.

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible that he is entitled to relief. See Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

B.  Analysis

Defendant argues that both plaintiff's second and third causes of action fail to state a claim upon which relief can be granted. Defendant contends, with respect to plaintiff's second claim, that the FLSA does not provide a cause of action for an employer's failure to pay wages when the plaintiff fails to claim that the employer's conduct has violated minimum wage or overtime provisions. With respect to plaintiff's third claim, defendant asserts that plaintiff has failed to articulate the North Carolina public policy that defendant's conduct violated. For the reasons stated herein, the court holds plaintiff has failed to state a claim with respect to the second cause of action, and declines to exercise supplemental jurisdiction over the remaining state law claims.

3

1.  Failure to State a Claim Under the FLSA

"When interpreting statutes we start with the plain language." U.S. Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004) (internal quotation marks omitted). In determining the plain meaning of the text, we must consider the "broader context of the statute" as a whole, Santoro v. Accenture Fed. Serv., LLC, 748 F.3d 217, 223 (4th Cir. 2014), in light of the "cardinal rule," that "the meaning of statutory language, plain or not, depends on context." King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991) (citations omitted).

The FLSA has been termed the "minimum wage/maximum hour law," because it provides a cause of action for employees who do not receive the minimum wage or who work overtime without just compensation for the extra hours. Monahan v. Cnty. of Chesterfield, Va., 95 F.3d 1263, 1266-67 (4th Cir. 1996). The statute, however, is not the proper vehicle for suits over pay that do not implicate minimum wage concerns or overtime compensation.

> "If the employee has been paid for all nonovertime hours at a lawful rate pursuant to an employment agreement to which that employee has impliedly or expressly agreed, and the employee has also been paid at a lawful rate for all overtime hours, then the employee does not have a claim for an hourly compensation dispute under the FLSA. Additionally, we disagree with the lower court that the FLSA is the proper vehicle to pursue back pay for straight time in pay cycles in which an employee has worked no overtime and has been paid at least minimum wage for all hours worked."

Monahan, 95 F.3d at 1265.

Plaintiff's claim is that defendant paid him less than his agreed upon wage of $22.00 per billable hour. (Compl. ¶¶ 26-28). Plaintiff has pleaded no facts demonstrating that he was paid less than minimum wage, nor has he alleged that he worked any overtime hours. Because an employer's

4

paying an employee less than his normal hourly rate, but greater than minimum wage, is not a violation of the FLSA, plaintiff's second cause of action must be dismissed.

   2.   Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim, if the district court has dismissed all claims over which it has original jurisdiction. The court has original jurisdiction over plaintiff's second cause of action, because it implicates the FLSA. For the reasons stated herein, this second cause of action, however, fails to state a claim upon which relief can be granted and must be dismissed, leaving only claims arising under North Carolina law and public policy. Accordingly, the court declines to exercise supplemental jurisdiction over these remaining claims.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is granted. (DE 7). Plaintiff's second cause of action is DISMISSED for failure to state a claim upon which relief can be granted. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's remaining claims, and plaintiff's first and third causes of action also must be DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 26th day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge